RECEIVED
IN ALEXANDRIA, LA.

MAR 2 5 2010

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PATRICK AND CARISSA DENNIS | : | DOCKET NO. 09-1015 |
| VS. | : | JUDGE TRIMBLE |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (doc. #12) filed by Lyons Insurance, Inc. ("Lyons") wherein the mover requests a judgment dismissing all claims against Lyons because; (1) Lyons did not breach a duty owed to Plaintiffs, Patrick and Carissa Dennis, regarding the denial of their flood claim due to the federally mandated 30 day delay in issuance of the Fidelity National Property and Casualty Insurance Company ("Fidelity National") Standard Flood Insurance Policy ("SFIP"), and (2) as a matter of law, Plaintiffs are charged with the knowledge of the terms of the SFIP, including the 30 day delay in issuance of the policy after Plaintiffs provided the required information for the policy. Plaintiffs have alleged in their amended complaint that they are exempt from the thirty day waiting period because of an exception pursuant to the National Flood Insurance Program wherein:

> "the thirty (30) day waiting period will not apply when flood insurance is required as a result of a <u>lenders determining a loan</u> that does not have flood insurance coverage should be protected by flood insurance. The coverage will be <u>effective upon the completion of an application the presentment of the payment of premium</u>".[1]

---

[1] Plaintiff's First Supplemental and Amending Complaint, ¶ 11, doc. #19.

## FACTUAL STATEMENT

Plaintiffs requested that Lyons obtain primary flood insurance on their home located at 297 Amoco Rd. in Hackberry, Louisiana in May of 2008. In order for Lyons to apply for the flood insurance, certain information was to be provided to Lyons, specifically an updated flood elevation certificate. Plaintiffs allege they provided the necessary information in May of 2008. Plaintiffs also allege that instead of applying for and obtaining the primary flood insurance they requested, Lyons acquired an "excess flood policy." Lyons disputes this and asserts that Plaintiffs did not provide the necessary flood elevation certificate until September 9, 2008. On that same date, the Dennis' made the premium and Lyons made application for Plaintiff to Fidelity National Property & Casualty Insurance Company ("Fidelity").

Hurricane Ike struck the area on September 11, 2008 resulting in flood waters entering Plaintiffs' home. Fidelity denied Plaintiffs' flood claim because the 30 day delay for the policy to take effect had not expired.[2] Plaintiffs allege in their complaint that Lyons was negligent in failing to properly secure primary flood insurance on their property.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or

---

[2] Congress passed an amendment to the NFIP, requiring a thirty-day waiting period for all new flood policies to take effect. 42 U.S.C. § 4013(c)(1).

[3] Fed. R.Civ. P. 56(c).

nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## LAW AND ANALYSIS

Plaintiffs originally had insurance coverage with Allstate. In May of 2007, Plaintiffs went to Lyons to obtain insurance in order to reduce their premium cost. Plaintiffs requested that they

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[6] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[7] *Anderson*, 477 U.S. at 249.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[10] *Anderson*, 477 U.S. at 249-50.

obtain the same coverage for their home that they had with Allstate. A primary flood policy cannot be canceled or transferred except at expiration of the policy or the sale of the property on which the coverage is placed.[11] Because the primary flood policy did not expire until September 30, 2007,[12] this particular flood coverage could not be obtained in May 2007. However, Lyons obtained other coverage for Plaintiff's home including home, auto, umbrella and excess flood insurance.

Plaintiffs allege that in May of 2008, they became aware that they did not have primary flood insurance. Marjorie Deshotels, the agent for Lyons that handled Plaintiffs' insurance, testified in her deposition that she first became aware of the absence of primary flood insurance in May 2008 when one of Plaintiffs' mortgage holders requested a copy of the primary flood insurance policy.[13]

Lyons submits summary judgment evidence that demonstrates that Allstate mailed a Flood Insurance Expiration Notice to Plaintiffs advising them that the primary flood insurance policy would expire on September 30, 2007.[14] The mortgage holder attempted to force place primary flood on the Dennis' property after the Allstate policy expired at the end of 2007; Ms. Deshotel was not aware of the attempts by the mortgage holder to force place coverage.[15]

Plaintiffs assert that Lyons was not aware that they had only placed excess flood insurance; Lyons deny this and submits summary judgment evidence through the testimony of Ms. Deshotels

---

[11] Lyons exhibit B, Marjorie Deshotel depo. p. 108, lines 18-25.

[12] The policy was underwritten by the Benoit Insurance Agency in Sulphur, Louisiana.

[13] Plaintiffs' exhibit D, Deshotel depo. pp. 28-29. Prior to this date, the mortgage holder had requested from Lyons proof of primary flood insurance.

[14] Lyons exhibit A, attached to supplemental memorandum.

[15] Lyons exhibit B, Deshotel depo., p. 28, line 12.

that she was not confused about the type of flood insurance that was placed on the home. The Court is not concerned with this potential contention of fact because as of May 2008, both Lyons and the Dennis' were fully aware that only excess coverage and not primary coverage was placed on the Dennis' property.

In order to place primary flood coverage upon the property, Ms. Deshotels requested on May 9, 2008, that Mrs. Dennis send her the required updated flood elevation certificate for the primary flood coverage. The summary judgment evidence establishes that Mrs. Dennis provided this survey on September 9, 2008.[16] Plaintiffs have not submitted any evidence to refute this fact.

An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance.[17] An insured may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.[18]

Plaintiffs argue that Lyons negligently failed to obtain the primary flood insurance until September 9, 2008, just two days prior to Hurricane Ike making landfall. They note that the updated flood elevation certificate was dated June 20, 2008.

Even though there is no dispute that the updated flood elevation certificate is dated June 20,

---

[16] Lyons exhibit B attached to memorandum in support; Lyons exhibit B attached to supplemental memorandum in support, Deshotel depo., pp. 109-100.

[17] *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728 (1973); *City Blueprint & Supply Co., Inc. v. Boggio*, 3 So.3d 62 (2008).

[18] *Taylor v. Sider*, 765 So.2d 728 (La. 1973) citing *Karam, supra.*

2008, Plaintiffs have failed to submit evidence that they sent the certificate to Lyons prior to September 9, 2008 in order to place the primary flood insurance.

Plaintiffs further argue that Ms. Deshotel assured them on September 9, 2008 that on that date, Plaintiffs had primary flood insurance. In *Cousins v. Allstate Ins. Co.*,[19] the District Court entered judgment in favor of the defendant, holding that even if the agent made a mistake regarding the effective date of the policy, the plaintiff acted unreasonably in relying upon assurances of the agent that the policy would be in effect as of the date of the application. A plaintiff is charged with constructive knowledge of the provisions of the SFIP policy and of the NFIP.[20] Thus, Plaintiffs cannot rely on the assurances Ms. Deshotel made regarding being covered on September 9, 2008. As a side note, Plaintiffs allege in their amended complaint that their procurement of primary flood insurance is not subject to the thirty day waiting period because of an exception in the NFIP; this issue is not before the Court at this time and is not relevant to the instant motion for summary judgment. The Court cannot at this time definitively say that Ms. Deshotel's statement regarding the effective date of the policy is incorrect. However, for purposes of this motion only, we are assuming that Ms. Deshotel's statement regarding the effective date of the primary flood insurance was incorrect.

Plaintiffs have failed to submit summary judgment evidence to dispute the fact that the updated elevated flood certificate dated June 20, 2008 was not received by Lyons until September 9, 2008. Plaintiffs were aware that they did not have primary flood insurance as early as 2007 when

---

[19] 2007 WL 496621 (E.D. La. 2/0/9/07).

[20] *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218 (1984).

6

Allstate sent them a notice of the expiration of their flood insurance effective September 30, 2007. Furthermore, any reliance by Plaintiffs on an agent of Lyons is unreasonable as a matter of law.[21]

Accordingly, the Court finds that Plaintiffs have failed to create a genuine issue of material fact for trial and Lyons is entitled to summary judgment in its favor as a matter of law.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by defendant, Lyons Insurance Agency will be granted dismissing this defendant with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of March, 2010.

                                                JAMES T. TRIMBLE, JR.
                                                UNITED STATES DISTRICT JUDGE

---

[21] *Merrill*, 332 U.S. at 385.