RECEIVED
IN LAKE CHARLES, LA

AUG 1 7 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PATRICK AND CARISSA DENNIS | : | DOCKET NO. 09-1015 |
| VS. | : | JUDGE TRIMBLE |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE CO., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Plaintiffs' Motion for Summary Judgment" (R. #35) wherein Patrick and

Carissa Dennis, move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary

judgment in their favor on the grounds that there are no genuine issues of material fact. Plaintiffs

seek a ruling that their home was covered on September 9, 2008 by a flood insurance policy issued

by defendant, Fidelity National Property and Casualty Insurance Company ("Fidelity") pursuant to

the National Flood Insurance Program ("NFIP"). Also before the Court is a "Motion for Summary

Judgment" (R. #41) filed by Fidelity which seeks a ruling that plaintiffs are not entitled to recover

any U.S. Treasury benefits pursuant to the Standard Flood Insurance Policy ("SFIP") because (1)

plaintiffs failed to apply and pay for the SFIP on or before loan closing, hence, the exception to the

30 day waiting period does not apply, (2) plaintiffs failed to submit a proof of loss swearing to a sum

certain with respect to the damages made the basis of plaintiffs' amended complaint as required by

Article VII(J)(4), (3) plaintiffs failed to provide verifying documentation in support of their claim

in compliance with Articles VII(J)(3) and VII(J)(4)(f) and (I) of the SFIP, (4) state law based extra-

contractual claims are preempted and barred by federal law, (5) claims for attorney fees under state

law or pursuant to the Equal Access to Justice Act are barred, and (6) interest is not allowed for claims arising out of the NFIP.

## FACTUAL STATEMENT

Plaintiffs own a home in Hackberry, Louisiana, Cameron Parish. Plaintiffs had two mortgages on their home with Wells Fargo Bank and Capital One Bank. Plaintiffs were required by both lenders to maintain primary flood insurance on the home because it is located in a Special Flood Hazard Area as designated by the Federal Emergency Management Agency ("FEMA").

Prior to September 9, 2008, plaintiffs did not have primary flood insurance coverage on their home. On September 9, 2008, plaintiffs completed an application and presented payment for the premium; the application indicated that there was a "no wait period" due to the loan requirement.[1] Plaintiffs maintain that their property was covered by flood insurance at the time Hurricane Ike made landfall on September 13, 2008 which resulted in flooding to the home. Defendant maintains that the narrow exception to the 30 day waiting does not apply to the facts of this case, therefore, the home was not covered by the flood insurance policy on September 13, 2008. Defendant also maintains that plaintiffs failed to submit a proper sworn proof of loss as required by the Standard Flood Insurance Policy ("SFIP").

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

---

[1] Generally, there is a 30 day waiting period for the policy to take effect.

moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3]   A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

---

[2]  Fed. R.Civ. P. 56(c).

[3]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[5]  Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[6]  Anderson, 477 U.S.  at 249.

[7]  Celotex Corp. v.  Catrett, 477 U.S. 317, 324 (1986).

[8]  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[9]  Anderson, 477 U.S. at 249-50.

3

## LAW AND ANALYSIS

Plaintiffs have filed the instant motion for summary judgment seeking judgment in their favor and against Fidelity. Specifically, plaintiffs seek a finding from this court that their home was covered by a flood insurance policy issued by Fidelity, a Write-Your-Own ("WYO") Program carrier. Fidelity maintains that there was a 30-day waiting period for Plaintiffs' Standard Flood Insurance Policy to take effect. Hence, Fidelity maintains that because plaintiffs submitted their application and paid the premium on September 9, 2008, and the alleged flood damage from Hurricane Ike occurred on September 13, 2008, the policy was not yet in effect.

Plaintiffs' claims involve the National Flood Insurance Program (NFIP), pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA")[10] which Congress created to provide insurance coverage at or below actuarial rates.[11] FEMA operates the program, and it is supported by the federal treasury.[12] Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write-Your- Own" ("WYO") companies.[13] The terms and conditions of all federal flood insurance policies, including the policy issued to plaintiffs are fixed by FEMA.[14] Policies must be issued in the form of a Standard Flood Insurance Policy ("SFIP") and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal

---

[10]   42 U.S.C. § 4001, *et seq.*

[11]   Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998)

[12]   Id.

[13]   Id.

[14]   Gowland, 143 F.3d at 953.

4

Insurance Administrator. [15]  Fidelity issued the policy to plaintiffs as a WYO company. By statute, WYO companies are fiscal agents of the United States.[16]

Any disputed claims under the SFIP or the handling of the claims under the flood policy is governed exclusively by the flood insurance regulations issued by FEMA, the NFIA, and federal common law.[17]  Claims relating to coverage under SFIPs issued by WYO companies are "actions for federal funds" and allegations concerning the handling of claims against flood insurance policies arise under the NFIP and are preempted by federal law.[18]  Due to the statutory scheme of the NFIP and the fact that U.S. Treasury funds are at stake, strict adherence to the conditions precedent for the payment of a claim is constitutionally required.[19]  To make payments not in strict compliance with the SFIP would be contrary to Congress's mandate and would violate the Appropriations Clause of the Constitution.[20]

Plaintiffs originally purchased an SFIP through Allstate on July 14, 2004.[21]  Plaintiffs' property was mortgaged to Capital One Bank and Wells Fargo Bank.[22]  The closing date for the

---

[15]  44 C.F.R. § § 61.4(b), 61.13(d).

[16]  42 U.S.C. § 4071(a)(1).

[17]  44 C.F.R. Pt.61, App.A(1), Article IX.

[18]  See 44 C.F.R. Pt. 61, App.A(1), Article IX.

[19]  Gowland, 143 F.3d at 953.

[20]  Id. at 955.

[21] Defendant's exhibit A,  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment, p. 12.

[22]  Defendant's exhibit B  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment, Marjorie Deshotels depo., p. 25, lines 6-13; Defendant's exhibit C, Carissa Dennis depo., p. 11, lines 12-25.

second mortgage with Capital One loan was June 12, 2007,[23] at which time plaintiffs were put on notice that flood insurance was required by the lender.[24]  At the time of the closing, the property was already covered by a flood policy issued by Allstate, however that particular policy was not set to expire until September 30, 2007.[25]  Upon expiration, Allstate sent an expiration notice to Plaintiffs, Wells Fargo Bank, Capital One Bank and Plaintiffs' insurance agent,[26] Benoit Insurance Agency, Inc.[27] Plaintiffs failed to procure the appropriate flood insurance.  Consequently, Capital One force placed a primary flood policy on the property.[28]  Capital One, after receiving from Mrs. Dennis documentation of an *excess* flood insurance policy, canceled the force placed primary flood policy.[29]

Plaintiffs allege they were unaware that they did not have primary flood insurance until May, 2008.[30]  Marjorie Deshotels, Plaintiffs' insurance agent's contact person with Lyons Insurance, testified in her deposition that the first time she became aware that the Dennises did not have primary

---

[23] Defendant's exhibit D attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment.

[24] Id.

[25] Defendant's exhibit A attached to defendant's memorandum in support of motion for summary judgment, pp. 63-73.

[26] At some point plaintiffs changed agencies and their underwriter.

[27] Id.

[28] Defendant's exhibit C attached to defendant's memorandum in support of motion for summary judgment, Carrissa Dennis depo., p. 116, lines 10-25; p. 117, lines-21.

[29] Id.

[30] Id., at p. 75, lines 18-25; p. 76, lines 1-25, p. 77, lines 1-3.

6

flood insurance was when one of Plaintiffs' mortgage holders requested a copy of the policy.[31]  On May 9, 2008, Ms. Deshotels requested that Mrs. Dennis send an updated flood elevation certificate in order to procure a primary flood insurance policy.[32]  Mrs. Dennis provided the insurance agent a copy of the updated  flood elevation certificate on September 9, 2008.  On that same day, the application and premium payment was submitted.

Because the insurance agent stated that the application was in connection with a mortgage loan, Fidelity issued in error, an SFIP with a policy term of September 9, 2008 through September 9, 2009.[33]

Hurricane Ike made landfall on September 13, 2008.  When a flood loss claim is made within 30 days of issuance of a new SFIP for a property with an existing mortgage loan, Fidelity is required to investigate the claim to determine whether the lender issued documentation requiring flood insurance prior to the issuance of the SFIP.[34]  After investigating the claim, Fidelity learned that the closing took place on June 12, 2007,[35] thus the policy's effective date was called into question.  On October 9, 2008, Fidelity sent an email to FEMA outlining the relevant facts and corresponding dates to obtain a determination from FEMA as to whether the "no wait period" or the 30-day waiting

----

[31] Defendant's exhibit B attached to defendant's memorandum in support of motion for summary judgment, Marjorie Deshotels depo., p. 25, lines 8-13, p. 27, line 8-10.

[32] Defendant's exhibit C  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment, Carissa Dennis depo., p. 76, lines 4-16, p. 79, lines 8-20, p. 81, lines 1-25, p. 82 lines 1-7.

[33] Defendant's exhibit E  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment, Deborah Price aff., ¶¶ 8.and 9

[34] Id., ¶ 11.

[35] Id., ¶ 12.

7

period applied to plaintiffs' SFIP.[36]

At FEMA's direction, Fidelity issued a new policy with effective dates of October 9, 2008 to October 9, 2009.[37]  In other words, FEMA determined based on its regulations that the exception to the 30-day waiting period was not applicable under the facts of this case.

In their memorandum in support of the motion for summary judgment, plaintiffs cite the exception to the 30-day waiting period for policies purchased in connection with a loan[38] as the basis for this court to rule in their favor.[39]

Plaintiffs further cite the National Flood Insurance Manual issued by FEMA dated May of 2008[40] in support of their interpretation of the exception to the thirty (30) day waiting period. Section VIII (C)(3) provides as follows:

> New Policy (in connection with lender requirement) – The thirty (30) day waiting period does not apply when flood insurance is required as a result of a lender determining that a loan on a building in a Special Flood Hazard Area (SFHA) that does not have flood insurance coverage should be protected by flood insurance. The coverage is effective upon completion of an application and presentment of payment of premium.

Section VIII(C)(2)  also provides the following:

---

[36] Defendant's exhibit E,  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment ¶ 15, defendant's exhibit H  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment.

[37] Defendant's exhibit E,  attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment, ¶ 17.

[38] 42 U.S.C. § 4013(c)(2).

[39] Memorandum in support, p. 5.

[40] Plaintiffs' exhibit E attached to plaintiffs' memorandum in support of motion for summary judgment, pp. GR8-GR9.

New Policy (in connection with making, increasing, extending, or renewing a loan, whether conventional or otherwise)–Flood insurance, which is initially purchased in connection with the making, increasing, extending, or renewal of a loan closing, provided that the policy is applied for and the presentment of premium is made at or prior to the loan closing. . . . This rule applies to all building regardless of flood zone. The waiting period rule listed un B.1 ro B.2 above does not apply.[41]

Plaintiffs also submit the declaration's page which states that the policy's effective date was September 9, 2008.[42] Plaintiffs submit that their lender, Capital One, required flood insurance due to the fact that the property was located in a SFHA. Thus, it falls into the exception to the 30 day waiting period, and the policy went into effect on September 9, 2008 when the application and premium payment was made.

Defendant relies on the FEMA regulation which mandates that coverage in connection with a loan will be effective as of the time of the loan closing based on specific prerequisites.

Where the initial purchase of flood insurance is in connection with the making, increasing, extension, or renewal of a loan, the coverage with respect to the property which is the subject of the loan shall be effective as of the time of the loan closing, *provided the written request for the coverage is received by the NFIP and the flood insurance policy is applied for and the presentment of payment of premium is made at or prior to the loan closing.*[43]

Defendant remarks that both the May and October 2005 editions of the FEMA Manual include the following provision:

9. New Policy (documentation required)– The insurer may rely on an agent's representation on the application that the loan exception applies unless there is a loss during the first 30 days of the policy period. In that case, the insurer must obtain documentation of the loan transaction, such as settlement papers, before adjusting the

---

[41] Id.

[42] Plaintiffs' exhibit C and D attached to plaintiffs' memorandum in support of motion for summary judgment.

[43] 44 C.F.R. § 61.11(b) (emphasis added); see also 42 U.S.C. § 4013(c)(2).

loss.[44]

Defendant further notes that in 2009, the May 2008 Manual[45] was revised to add a second paragraph to Section VIII(C)(2) which provides that "[i]f a loss occurs during the first 30 days of the policy period, the insurer must obtain documentation, such as settlement papers, to verify the effective date of the policy before adjusting the loss." Plaintiff argues that this Manual does not apply because it was revised after the date of the loss.

Defendants maintain that it is clear that by federal regulation, FEMA has determined that the 30-day waiting period exception is applied only when application and payment of the premium are made prior to or contemporaneously with the loan closing. We agree. 44 C.F.R. § 61.11(b) requires that in order for the flood insurance to be effective as of the time of the loan closing, and/or excepted from the 30 day waiting period, the presentment of payment must be made at or prior to the loan closing.

The facts in this case are not in dispute. Plaintiffs' application and premium payment was submitted over a year after the loan closing, not prior to or contemporaneously with the closing as required by 44 C.F.R. § 61.11(b) because the property was already insured by another insurer. When that insurance policy lapsed, notice was sent to the mortgage companies and plaintiffs. After plaintiffs failed to procure the appropriate flood insurance, the lender force placed a policy on the property, albeit same was erroneously canceled upon the mistaken belief and assertion by the homeowner that the property was insured with a primary flood insurance policy. Instead, only excess

---

[44] Defendant's exhibit J attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment.

[45] Defendant's exhibit L, attached to defendant's memorandum in opposition to plaintiffs' motion for summary judgment, p. GR9.

coverage was in place.

FEMA determined that based on the facts, because the premium payment and application was not submitted prior to or at the closing, the exception to the 30 day waiting period did not apply. Plaintiffs have not convinced this court that the regulation as interpreted by FEMA is plainly erroneous or inconsistent with the regulation. Accordingly, the court will have to deny plaintiffs' request for relief as to a finding of coverage by the flood insurance policy and grant defendant's motion seeking judgment in Fidelity's favor in that the policy was subject to a 30 day waiting period.

Because the court has determined that there was no coverage at the time that Hurricane Ike made landfall, we find it unnecessary to address defendant's other arguments as to plaintiffs' failure to submit the appropriate proof of loss and verifying documentation, interest and attorney's fees.

*State law extra-contractual claims*

In their amended complaint, plaintiffs also assert state law extra-contractual claims. State law extra-contractual claims are barred and preempted by the National Flood Insurance Act.[46] Thus, any state law extra-contractual claims will also be dismissed.

### CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment will be denied and defendant's motion for summary judgment will be granted to the extent that the court finds that the policy was not in effect when Hurricane Ike made landfall and thus, plaintiffs are not entitled to benefits pursuant to the SFIP. Defendant's motion will also be granted to the extent that plaintiffs' claims for state law extra-contractual claims will be dismissed.

---

[46] Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005); Gallup v. Omaha Prop. and Cas. Ins. Co., 434 F.3d 341 (5th Cir. 2005).

11

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17TH day of August, 2010.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE